**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DAVANELLE FREEMAN,** | |
| **Plaintiff,** | 2005-CV-0074 |
| v. | |
| **KMART CORPORATION,** | |
| **Defendant.** | |

TO: Lee J. Rohn, Esq.
Wilfredo A. Wilfredo, Esq.

### ORDER DENYING MOTION REQUESTING PERMISSION TO FILE THIRD PARTY COMPLAINT

THIS MATTER came before the Court upon Defendant's Motion Requesting Permission to File Third Party Complaint (Docket No. 79). Plaintiff filed an opposition to said motion.[1] This order is issued without necessity of reply.

As the record reflects, this case was filed well over three years ago. Discovery is closed and expert reports have been filed. The Court entered a Final Scheduling Order (Docket No. 80) on December 31, 2009, setting trial for June 8, 2009.

---

[1] The Court notes that Plaintiff's opposition (Docket No. 82) was incorrectly filed in the CM/ECF system as a motion. Counsel again are reminded that it is their responsibility to ensure that all documents are properly filed in the CM/ECF system.

*Freeman v. Kmart Corp.*
2005-CV-0074
Order Denying Motion Requesting Permission to File Third Party Complaint
Page 2

Leave of court must be obtained prior to filing a third-party complaint when such filing occurs more than ten (10) days after a defending party has served its original answer. Fed. R. Civ. P. 14(a). Rule 14(a) is silent regarding the standards to be used in determining when leave of court should be granted.

The District Court for the District of New Jersey has stated:

> The standard used to decide if leave should be granted to file a late Third Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) is similar to the standard used to determine whether to permit the amendment of a pleading pursuant to Federal Rule of Civil Procedure 15(a). *See Ryan v. Collucio*, 183 F.R.D. 420, 423 (D.N.J. 1998). Leave is only given in the absence of undue or unexplained delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowing the amendment; or futility of the amendment. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 1994).

*D& D Associates, Inc. v. North Plainfield Bd. of Educ.*, Civil Action No. 03-1026, 2008 WL 2277121 at *3 (D.N.J. June 2, 2008). According to our sister courts in Pennsylvania, the

> factors to be considered when determining whether to grant leave to implead a third-party defendant pursuant to Rule 14, [include]: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action.

*Freeman v. Kmart Corp.*
2005-CV-0074
Order Denying Motion Requesting Permission to File Third Party Complaint
Page 3

*Scobie v. Waco Equipment Co.*, Civil Action No. 03-1224, 2008 WL 1943551 at *1 (W.D. Pa. May 1, 2008) (citations omitted).  This Court previously has held:

> The Court has great discretion in deciding whether to allow third-party defendants to be impleaded after a significant time has elapsed since the answer was filed.  Important factors to consider are the reasons for the delay and any prejudice to the party to be impleaded.  Professor Moore observes:
>
>> Rule 14 does not specify the time in which the party seeking impleader must make his motion.  The district court has great discretion, however, to deny a motion because the moving party delayed unduly . . . .
>>
>>    . . .
>>
>> Of course, delay may be excused if the party seeking impleader did not know of the existence of, or a basis for joining, a third-party defendant.  The party must not be dilatory, however, in proceeding after making discovery of a basis for impleader.
>
> 3 MOORE'S FEDERAL PRACTICE P 14.18[2.-1].

*Evans v. Allen-Williams Corp.*, 36 V.I. 208, 211-12 (D.V.I. 1997).

The Court finds that Defendant's motion is not timely.  Defendant Kmart Corporation alleges that the proposed third party defendant, Sunshine Shopping Center, Inc.'s duty of indemnity arises "pursuant to their lease agreement entered into on December, 1991."  Motion at 2.  Presumably, Defendant knew of the terms of the lease

*Freeman v. Kmart Corp.*
2005-CV-0074
Order Denying Motion Requesting Permission to File Third Party Complaint
Page 4

agreement at the time it entered into said lease agreement. Defendant has not offered any reason for its delay in seeking to implead Sunshine Shopping Center, Inc.

Accordingly, it is now hereby **ORDERED** that Defendant's Motion Requesting Permission to File Third Party Complaint (Docket No. 79) is **DENIED**.

ENTER:

Dated: January 14, 2009 /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE