**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**DAVANELLE FREEMAN,**

**Plaintiff,**

**v.**

**KMART CORPORATION,**

**Defendant.**

**2005-CV-0074**

**TO: Lee J. Rohn, Esq.**
**Wilfredo A. Wilfredo, Esq.**

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

THIS MATTER came before the Court upon Defendant's Motion to Compel (Docket No. 90). Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

Defendant seeks to compel Plaintiff to make herself available for an independent medical examination (IME). Defendant contends that it has attempted to schedule the examination since July 2008 but that Plaintiff has been uncooperative.

While the Court does have authority, pursuant to Fed. R. Civ. P. 35 to order a physical examination of a party, such an examination is part of discovery and must be considered within that framework.

A review of the history of this case reveals that fact discovery closed on July 30, 2008. Fifth and Final Scheduling Order (Docket No. 55), entered April 9, 2008.[1] A status conference was held on July 7, 2008, following which, the Court entered a Final Scheduling Order (Docket No. 61), setting the expert deadlines, with Defendant's expert reports due by August 29, 2009. On August 15, 2008, Defendant filed a motion (Docket No. 68) seeking additional time to submit its experts' reports, including the report of Dr. Orlando Fernandez, the doctor that Defendant had retained to examine Plaintiff. The Court granted Defendant's request and extended the time for filing the experts' reports to October 17, 2008. Order Granting Defendant's Motion For Extension of Time (Docket No. 74), entered October 9, 2008. Thereafter, the parties submitted a stipulation to extend discovery deadlines (Docket No. 78), that the Court granted and, pursuant to which, entered a Final Scheduling Order (Docket No. 80), entered December 31, 2008. However, the only deadline pertaining to discovery that was extended by that order was the deadline for expert depositions.

According to Rule 16(b) of the Federal Rules of Civil Procedure, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P.

1. By Order Regarding Defendant's Motion Requesting Extension of Time (Docket No. 70), entered August 18, 2008, the Court allowed a brief extension, but such extension was extremely limited in scope and time.

16(b)(4). The Court has declared that "[t]o establish 'good cause'" under Rule 16(b)(4), 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible. In addition, courts consider whether granting the extension would prejudice the non-moving party.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, Civil 2005-46, 2008 WL 4642191 at *6 (D.V.I. October 15, 2008) (quoting *Crossley v. Elliot*, 2008 WL 2944667 at *1 (D.V.I.2008) (internal quotation omitted)).

In the matter at bar, Defendant never made the Court aware that it had been unable to conduct the voluntary IME of Plaintiff between Defendant's Motion For Extension of Time to File Report (Docket No. 68), filed August 15, 2008, and its current Motion to Compel (Docket No. 90), filed March 30, 2009 (over a month after the expert deposition deadline had expired). Defendant had numerous opportunities to raise this issue before the Court, including, but not limited to, prior to the expiration of the extended October 17, 2008, expert report deadline or when the parties entered their Stipulation to Extend Discovery Deadlines in late December 2008 or even prior to the expiration of the extended February 27, 2009, expert deposition deadline, not to mention the almost four (4) years this matter has been pending. The Court finds that Defendant has had ample time to conduct the examination and has not shown that more diligent pursuit of Plaintiff's IME was impossible.

In addition, the Court finds that reopening discovery at this juncture would prejudice Plaintiff. This matter has been pending since May 2005. Discovery has been closed and the expert deadlines all have passed. The dispositive motion deadline already has expired and the deadlines for filing the proposed joint final pretrial order, trial exhibit lists, and expert witness lists are fast approaching. Trial was scheduled to commence June 8, 2009, but has been continued to August 31, 2009, pursuant to Defendant's motion to continue. Plaintiff is entitled to advance this case to trial without further delay. Consequently, the Court finds Defendant's motion untimely.

Accordingly, it is now hereby **ORDERED** that Defendant's Motion to Compel (Docket No. 90) is **DENIED**.

ENTER:

Dated: April 14, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE